**GREGORY NICOLAYSEN (State Bar No 98544)**
**27240 Turnberry Lane, Suite 200**
**Valencia, CA 91355**
**Phone: (818) 970-7247**
**Fax: (661) 252-6023**
**Email: gregnicolaysen@aol.com**
**Attorney For Defendant,**
**John Richard Brinson, Jr.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CR 17-MJ-01487** |
| ) | |
| **Plaintiff,** ) | **BRIEF FILED BY DEFENDANT** |
| ) | **JOHN RICHARD BRINSON, Jr.** |
| ) | **FOR HEARING IN REGARD** |
| **v.** ) | **TO DEFENDANT'S** |
| ) | **DETENTION PURSUANT TO** |
| ) | **CRIMINAL COMPLAINT** |
| ) | |
| **JOHN RICHARD BRINSON, Jr.,** ) | **DATE: [TO BE SET]** |
| ) | **TIME: [TO BE SET]** |
| ) | **CTRM: Hon. John E. McDermott** |
| **Defendant** ) | |
| ) | |
| ) | |
| _____ ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## DEFENDANT SHOULD BE RELEASED FORTHWITH DUE TO HIS ONGOING ILLEGAL DETENTION IN VIOLATION OF FED. R. CRIM. P. 5.1

**A.  Introduction**

This prosecution was initiated by the filing of a Criminal Complaint in the Central District of California ("CDCal"), as to which Mr. Brinson made his initial appearance in Fresno in the Eastern District of California ("EDCal") on the out-of-district warrant.  The issues at hand pertain to the apparent detention of Mr. Brinson pursuant to the Criminal Complaint beyond the 14-day time limit set forth in Fed.R.Crim.P. 5.1 where (1) no preliminary hearing has been conducted; (2) Mr. Brinson apparently did not waive prelim at the initial appearance in Fresno; (3) Mr. Brinson apparently did not agree to extend the deadline under Rule 5.1 and (4) no Indictment or Information has been filed in the interim.

The defense requests immediate release of Mr. Brinson or, at the very least, an immediate hearing at which the government demonstrates that notwithstanding the circumstances stated herein, Mr. Brinson's continued detention is legally valid.

**B.  Procedural History Relevant To This Proceeding**

A copy of the Pacer docket from EDCal is attached hereto as Exhibit A.

A copy of the Pacer docket from CDCal is attached hereto as Exhibit B.

On June 12, 2017, the government filed the Criminal Complaint in this action.

On June 14, 2017, Mr. Brinson made his initial appearance before Magistrate-Judge Stanley A. Boone in EDCal on the out-of-district warrant from CDCal.  The Pacer docket from EDCal (Exh A, Pacer entry #4) states in part:

> The defendant is advised of the charges and rights,
> waived reading and Identity Hearing.

On June 16, 2017, a detention hearing was conducted before Judge Boone, at which time Mr. Brinson was detained and ordered transported to the Central District of California.  (Exh A, Pacer entry #5).

On June 19, 2017, the Court in EDCal filed its "Commitment To Another District," (Exh A, Pacer entry #7), which contains, inter alia, a directive to the U.S. Marshals "to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above(.)"

Neither the Pacer docket in EDCal, nor the documents accessible on the docket by hypertext links, contain any indication as to whether Mr. Brinson waived his right to a preliminary hearing during his appearances in EDCal.

On July 21, 2017, Mr. Brinson made his initial appearance in CDCal on the Criminal Complaint, before duty Magistrate John E. McDermott, at

which time he was detained.  Defense counsel raised on the record the concern that the five - week lapse of time in bringing Mr. Brinson to this district without an intervening indictment necessitated an inquiry into whether Fed.R.CrimP. 5.1 had been complied with, specifically whether Mr. Brinson had waived his right to a preliminary hearing during his appearances in EDCal.  As this information was unavailable to the parties and Court at the July 21 appearance, the Court directed the parties to inquire with EDCal; and if the concerns regarding noncompliance remained, to contact the Court to set this matter on calendar.

On July 24, 2017, defense counsel spoke by phone with DFPD Grantham Reed [(559)-487-5561], who represented Mr. Brinson in the proceedings in EDCal.  Mr. Reed stated that to the best of his recollection, no waiver of prelim was filed in EDCal.

On July 25, 2017, defense counsel received an email from government counsel, AUSA Vanessa Baehr-Jones, stating that she is ordering the tapes of the proceedings in EDCal.  Defense counsel agrees that this is the best way to proceed and commends government counsel for taking the initiative in this regard, with the only reservation being the added delay in getting this matter resolved due to the time required to prepare the tape and send it to government counsel.

Accordingly, the defense requests that this Court set the matter on calendar as soon as possible to address what now appears to be a violation of Fed.R.Crim.P. 5.1 and Mr. Brinson's right to be released.

## II.

## BY ITS TERMS, FED.R.CRIM.P. 5.1

## SETS A FIRM DEADLINE OF 14 DAYS

## IN WHICH TO CONDUCT A PRELIMINARY HEARING

## ON A CRIMINAL COMPLAINT WHEN A

## DEFENDANT IS IN CUSTODY

Federal Rule of Criminal Procedure 5.1 (Exhibit D) requires that within 14 days from the initial appearance for a defendant in custody, a magistrate must conduct a preliminary hearing unless the defendant has been charged by indictment or information, or has waived his right to the hearing. The same requirements apply when the initial appearance occurs in a district other than where the offense was allegedly committed.  Fed.R.Crim.P. 5(c)(3)(C).

The requirements set forth in Rule 5.1 are codified in 18 U.S.C.S. §3060 (Exhibit E), under which a failure to timely hold a preliminary hearing requires that a defendant "shall be discharged from custody . . . without prejudice . . . to the institution of further criminal proceedings against him upon the charge upon which he was arrested." See 18 U.S.C. § 3060(d).

The 14-day deadline is strictly observed.  *See*, United States v. Fortenberry, 2014 U.S. Dist. LEXIS 171768 (D. Nev. 2014)(district court opinion denying government's emergency motion to extend 14-day deadline to conduct preliminary hearing to allow time in which to obtain indictment) (Exhibit F).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Here, the 14-day deadline passed prior to the end of June without a preliminary hearing being conducted; an indictment or information being filed; or any agreement by Mr. Brinson to either waive prelim or extend the 14-day deadline.  The passage of this deadline has resulted in the expiration of the Criminal Complaint as a charging instrument.  Accordingly, it appears that Mr. Brinson's detention for the better part of a month (i.e., approx June 28 to present) has been illegal and that he is therefore entitled to immediate discharge from custody.

DATED: July 25, 2017                    Respectfully Submitted,


                                        _____
                                                /S/
                                        GREGORY NICOLAYSEN
                                        Counsel for Defendant,
                                        John Richard Brinson, Jr.