SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
VANESSA BAEHR-JONES (Cal. Bar No. 281715)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0511
    Facsimile: (213) 894-3713
    E-mail:   vanessa.baehr-jones@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 17-MJ-1487-DUTY |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR HEARING IN REGARD TO DEFENDANT'S DETENTION PURSUANT TO CRIMINAL COMPLAINT |
| v. | |
| JOHN RICHARD BRINSON JR., | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Vanessa Baehr-Jones, hereby files its Opposition to Defendant's Motion for Hearing in Regard to Defendant's Detention Pursuant to Criminal Complaint.

//

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 27, 2017         Respectfully submitted,

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


      /s/
VANESSA BAEHR-JONES
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

On June 14, 2017, defendant John Richard Brinson Jr. ("defendant") made his initial appearance in the Eastern District of California on a criminal complaint out of the Central District of California, charging him with production of child pornography, in violation of 18 U.S.C. § 2251(a). During the hearing, defense counsel waived defendant's right to an identify hearing, waived any formal reading of the complaint, and waived "further advisement of [defendant's] constitutional and statutory rights." (See Decl. of Vanessa Baehr-Jones ("Baehr-Jones Delc."), ¶ 2(e).) Notwithstanding defendant's waivers, defendant now moves for immediate discharge from custody, arguing that there was a violation of Rule 5.1 since "no waiver of prelim was filed in EDCal." (Mot. at 4.) The record belies this argument, however, given defense counsel's explicit waivers and the lack of any challenge to the transfer of defendant to the charging district. Moreover, unlike the Central District of California, the Eastern District does not take written waivers of defendant's out-of-district rights before transfer and instead conducts these waivers orally. (Baehr-Jones Decl. ¶¶ 3-4.) Thus, the lack of a filed waiver form is immaterial. Defense counsel's broad waiver included any right defendant might have had under Rule 5.1 to have a preliminary hearing held in the Eastern District within 14 days of his initial appearance. Upon appearing in this district, the Court set a preliminary hearing date of August 4, 2017, a date within 14 days of his initial appearance here. Thus, defendant has not articulated any violation of Rule 5.1 warranting his immediate release.

**II. STATEMENT OF FACTS**

On June 14, 2017, defendant made his initial appearance in the Eastern District of California before the Honorable Stanley A. Boone, United States Magistrate Judge, on a criminal complaint originating from the Central District of California, charging defendant with production of child pornography, in violation of 18 U.S.C. § 2251(a). (Exh. 1 to Mot; see also 17-MJ-1478-DUTY.)

During defendant's initial appearance, the Court advised defendant of the nature of the charges against him, including the maximum penalties. (Baehr-Jones Decl. ¶ 2(a).) The Court further advised defendant of his right to remain silent and his right to consular notification. (Id. ¶ 2(b).) Defendant was advised of his right to have court-appointed counsel and Assistant Federal Public Defender ("AFPD") Reed Grantham was appointed for that purpose. (Id. ¶ 2(c).) The Court then instruction the defendant, "Finally, you have the right to have an identity hearing where the Central District of California would have to prove in fact that you are the individual that they are seeking. Mr. Grantham." (Id. ¶ 2(d).)

Defense counsel replied, "Thank you, Your Honor. Assistant Federal Defender Reed Grantham on behalf of Mr. Brinson who is present and in custody. At this time, we would waive, we would waive that identity hearing. We would waive any formal reading of the complaint, or further advisement of his constitutional or statutory rights, and deny the allegation in the complaint." (Id. ¶ 2(e).) The Court then entered a denial of the charge in the complaint and the parties discussed the issue of detention. (Id. ¶ 2(f).) The court set a further hearing on the matter of detention for June 16, 2017. (Id.)

2

On June 16, 2017, defendant appeared for a detention hearing before Judge Boone. According to the minutes of this proceeding, defendant submitted and the court ordered defendant detained and transported to the Central District of California. (Exh. 1 to Mot., at 2.) On June 19, 2017, the court issued a signed detention order and commitment to another district. (Id.)

On July 21, 2017, defendant made his initial appearance in the Central District of California before the Honorable John E. McDermott, United States Magistrate Judge. Gregory Nicolaysen was appointed as counsel for defendant, and a preliminary hearing date was set for August 4, 2017. Defendant was also advised of his constitutional and statutory rights and was ordered remanded. During the hearing, defense counsel raised the issue of whether there had been a Rule 5.1 violation and whether defendant had waived his right to a preliminary hearing during his appearances in the Eastern District of California. (Mot. at 4.)

On July 25, 2017, defendant filed the instant motion arguing that defendant had not waived his right to a preliminary hearing in the Eastern District and did not agree to extend the deadline of Rule 5.1 since "no waiver of prelim was filed in EDCA." (Mot. at 4.)

On July 25, 2017, the government learned that the Eastern District of California does not have a standard written waiver form for out-of-district arrests and transfers. (Baehr-Jones Decl. ¶ 3-4.) The government further learned that the practice in the Eastern District is for the court to accept such waivers orally. (Id. ¶ 4.)

**III. ARGUMENT**

Rule 5.1 provides that a preliminary hearing must be conducted within 14 days after the initial appearance if the defendant is in

3

custody unless, among other exceptions, "the defendant waives the hearing." Fed. R. Crim. P. 5.1(a)(1), (c). The rule further allows the defendant to elect whether to hold the preliminary hearing in the district of arrest or the district in which the prosecution is pending. Fed. R. Crim. P. 5.1(b). Thus, a defendant may waive his right to a preliminary hearing in the district of arrest and instead choose to hold the hearing upon making his initial appearance in the charging district. Accordingly, preliminary hearing dates are routinely set for defendants making their initial appearance in this district after they have been arrested elsewhere, waived their out-of-district rights in that district, and been ordered transferred to the Central District. This process is exactly what occurred in this case.

Defendant nevertheless argues that a Rule 5.1 violation occurred here because "no waiver of prelim was filed in EDCal," suggesting that the Court should infer defendant's assertion of his right from the absence of the form. This argument fails. (Mot. at 4.) As the government's attached declaration makes clear, the practice in the Eastern District is to take a defendant's waiver of his out-of-district rights orally. The recording from defendant's initial appearance in Fresno on June 14, 2017, demonstrates that this is exactly what occurred here. During the initial appearance, Judge Boone instructed defendant of a number of his rights. Defense counsel, AFPD Grantham, then responded by indicating defendant waived the enumerated rights and waived "further advisement of his constitutional or statutory rights." Defendant's statutory rights in this case included whatever rights defendant may have had under Rule

4

5.1 to have a preliminary hearing held in the Eastern District before his transfer to the Central District.

Moreover, there is nothing in the recording, the docket from the Eastern District, or in defendant's brief indicating that AFPD Grantham challenged defendant's transfer to the Central District of California, or further asserted any of defendant's out-of-district rights. Accordingly, defendant effectively waived his right to have a preliminary hearing in the Eastern District. United States v. Amwest Sur. Ins. Co., 54 F.3d 601, 602–03 (9th Cir. 1995) ("An implied waiver of rights will be found where there is 'clear, decisive and unequivocal' conduct which indicates a purpose to waive the legal rights involved.") (quoting Groves v. Prickett, 420 F.2d 1119, 1125 (9th Cir. 1970)).

Even assuming defendant had addressed and asserted his right to a preliminary hearing during the course of the proceedings in the Eastern District — which he did not — immediate release is not the required remedy. In United States v. Bagios, for instance, defendant was arrested in the Southern District of New York on an out-of-district complaint. No. 11-6030-RSR, 2011 WL 817856 at *1 (S.D. Fla. Mar. 2, 2011). Defendant explicitly stated during his initial appearance that he did not waive his right to a preliminary hearing, but indicated "that he might be willing to continue it." Id. At the subsequent detention hearing, defendant waived a removal hearing and consented to removal to the charging district. Id. Upon arrival in Southern District of Florida some 28 days later, defendant moved for discharge from custody under 18 U.S.C. § 3060(b), arguing release was required where no preliminary hearing had been held within the 14 days mandated by § 3060(b)(1). Id. at *2.

In considering the motion, the court noted that defendant had waived further proceedings in the district of arrest and found that "a defendant's waiver of further proceedings in an arresting district is not entirely irrelevant to the determination of whether justice requires a delay of the preliminary examination when the delay occurs because a defendant is in transit between districts." Id. at *4. The court further stated that "Rule 5.1 . . . specifically provides a defendant with the option of proceeding with his preliminary hearing in either the arresting district or the charging district." Id. Thus, where a defendant elects to waive further proceedings and instead travel to the charging district for further proceedings, "justice may warrant the delay resulting from the transit period." Id. The court then determined, however, that where the 14-day period had expired during a defendant's transit, the court would require an immediate preliminary examination be offered whether or not the defendant affirmatively requested one. Id. Thus, immediate release is not the appropriate remedy, even assuming defendant had raised the issue of his right to a preliminary hearing during his initial appearance in the Eastern District — which he did not.

Accordingly, if the Court concludes that defendant's waiver in the Eastern District was somehow deficient, the government would respectfully request the Court set an immediate preliminary hearing date for July 31, 2017.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion as there was no violation of Federal Rule of Criminal Procedure 5.1.[1]

---

[1] The government anticipates that this motion may be mooted by the afternoon of July 28, 2017, as the government intends to present an indictment that morning.

7