TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER/CHRISTOPHER D. GRIGG
Assistant United States Attorneys
Chiefs, Criminal and National Security Divisions
KAREN I. MEYER (Cal. Bar No. 220554)
DEVON MYERS (Cal. Bar No. 240031)
Assistant United States Attorneys
Violent & Organized Crime/Cyber & IP Crimes Sections
    1300/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8559/0649
    Facsimile: (213) 894-2927
    E-mail:    kim.meyer@usdoj.gov
            devon.myers@usdoj.gov

LAUREN S. KUPERSMITH
KYLE P. REYNOLDS
Trial Attorneys
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
    1301 New York Avenue, NW
    Washington DC 20005
    Telephone: (202) 514-1564
    Facsimile: (202) 514-1793
    E-mail:    lauren.kupersmith@usdoj.gov
            Kyle.reynolds@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-404(B)-AB-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S MEMORANDUM IN AID OF DEFENDANT JOHN BRINSON, JR.'S CHANGE OF PLEA |
| v. | |
| ARLAN WESLEY HARRELL, et al., | |
| Defendants. | |

Plaintiff United States of America, by and through its attorneys

of record, the United States Attorney's Office for the Central

District of California and Assistant United States Attorneys Devon

Myers and Karen I. Meyer and Department of Justice Trial Attorneys Lauren Kupersmith and Kyle P. Reynolds, hereby submits this memorandum in aid of defendant JOHN BRINSON JR.'S ("defendant") Rule 11 plea.  At the change of plea hearing set for June 21, 2021, it is the government's understanding that defendant intends to plead guilty to all of the charges in which he is named in the Second Superseding Indictment, without a plea agreement.  The government hereby files a brief statement regarding the elements, penalties, and facts supporting those counts in which defendant is named: Counts One, and Counts Three through Six.

Dated: June 18, 2021                    Respectfully submitted,

                                        TRACY L. WILKISON
                                        Acting United States Attorney

                                        SCOTT GARRINGER/CHRISTOPHER D. GRIGG
                                        Assistant United States Attorneys
                                        Chiefs, Criminal/National Security
                                        Divisions


                                            _____/S/_____
                                        DEVON MYERS
                                        KAREN I. MEYER
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

1

**MEMORANDUM**

2

## I.    INTRODUCTION

3    Defendant John Brinson, Jr. ("defendant") has indicated that he

4    intends to plead open to all counts of the Second Superseding

5    Indictment ("SSI") in which he is named.  On June 16, 2021, the

6    government sent its proposed factual basis to defense counsel.

7    Shortly thereafter, also on June 16, 2021, defendant lodged with the

8    Court a proposed factual basis, which he had not provided to the

9    government.[1]  In reviewing defendant's factual basis, the government

10   noticed that some of the elements of Count One that defendant intends

11   to plead guilty to relate to the First Superseding Indictment ("FSI")

12   and not the operative SSI (explained in further detail below).

13   Further, some of the language does not clearly address the elements

14   of the offenses charged.  When government counsel raised this issue

15   with defense counsel, defense counsel responded that he intends to

16   have his client proceed on the factual basis lodged with the Court

17   and will otherwise object.

18   It is important that defendant enter into a knowing plea

19   connected to the charges against him and not simply adopt the

20   indictment language from the operative charging document or facts

21   which support different charges.  See United States v. Rivillas, 243

22   F.3d 551, *1-2 (9th Cir. 2000)(unpub.) ("Reading the indictment aloud

23   was also inadequate under Rule 11. Although simply reading the

24   indictment may suffice in some cases to inform a defendant of the

25   nature of the charges against him, Rule 11 is not satisfied unless

26

27   [1] Additionally, defendant requested that the factual basis be
placed under seal, to which the government objected.  Defendant also
requested that the change of plea hearing be sealed, to which the
28   government also objected.

there is evidence on the record that the defendant understands the nature of the charges. . . . Conspiracy is a complex charge, esoteric to an accused, and we have consistently reversed guilty pleas when, as here, the district court failed to explain the nature of a conspiracy charge to the defendant." (internal citations and quotations omitted)); see also United States v. Kramer, 781 F.2d 1380, 1384 (9th Cir. 1986) ("in non-complex cases, a reading of the indictment may suffice").  The defendant's factual basis may be insufficient for the Court to ensure the defendant understands the nature of the charges to which he is pleading guilty.

Given that this case involves a significant sentencing exposure for defendant, that some of the charges are complex or involve statutory language whose meaning is not always clear on its face, the government proposes the factual basis below.  The government's proposed factual basis hews closely to the language of the SSI but also uses more plain language in place of legal terms of art and includes some additional details that the government believes will help the Court be assured that defendant understands the nature of the charges against him.

## II.  GUILTY PLEA

Defendant is pleading guilty to all counts in the twenty-four count SSI in which he is charged in United States v. Arlan Wesley Harrell, et al., 17-cr-404(B)-AB-2, which are Count One and Counts Three through Six.

Count One charges defendant with Child Exploitation Enterprise, in violation of Title 18, United States Code, Section 2252A(g). Counts Three through Six charge defendant with Production of Child

2

Pornography, in violation of Title 18, United States Code, Sections 2251(a), (e), as well as the alternate theory of aiding and abetting the Production of Child Pornography in violation of Title 18, United States Code, Section 2(a).

**III. NATURE OF THE OFFENSE**

1. For defendant to be guilty of the crime charged in Count One, that is, Child Exploitation Enterprise, in violation of Title 18, United States Code, Section 2252A(g), the following must be true: (1) defendant knowingly produced, advertised, transported, distributed, or received child pornography in violation of Chapter 110 of Title 18, United States Code, as part of a series of felony violations constituting three or more separate incidents; (2) the incidents involved more than one victim; and (3) the defendant committed those offenses in concert with three or more other persons.

2. For defendant to be guilty of the crime charged in Counts Three through Six, that is, Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a), (e), the following must be true: (1) at the time of the offense, the victim was under the age of 18 years; (2) defendant employed, used, persuaded, induced, enticed, or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and (3) (a) the visual depiction was actually transported and transmitted using any means or facility of interstate and foreign commerce and in and affecting interstate commerce; or (b) the defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting

3

interstate commerce; or (c) the visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

3.    For defendant to be guilty of Aiding and Abetting the Production of Child Pornography, as charged as an alternative theory in Counts Three through Six, in violation of Title 18, United States Code, Section 2251(a), the following must be true: (1) someone else committed the production of child pornography; (2) defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the production of child pornography; (3) defendant acted with the intent to facilitate the production of child pornography; and (4) defendant acted before the crime was completed.

**IV.   PENALTIES**

4.    The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(g), is: life imprisonment; a lifetime period of supervised release; full restitution to the victims of the offense; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100 and a $5,000 special assessment pursuant to title 18, United States Code, Section 3014 if the Court determines defendant is non-indigent.

5.    The statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Sections 2251(a), (e), is: 30 years' imprisonment; a lifetime period of supervised release; full restitution to the victims of the offense; a fine of $250,000 or twice the gross gain or gross loss resulting from the

4

offense, whichever is greatest; and a mandatory special assessment of $100 and a $5,000 special assessment pursuant to title 18, United States Code, Section 3014 if the Court determines defendant is non-indigent.

6. The total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a lifetime period of supervised release; a fine of $1,250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; a mandatory special assessment of $500 and a trafficking special assessment of $25,000, if the Court determines that defendant is not indigent.

7. The statutory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2252A(g), is: 20 years' imprisonment; five years' supervised release; and a mandatory special assessment of $100.

8. The statutory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2251(a), is: 15 years' imprisonment; five years' supervised release; and a mandatory special assessment of $100.

9. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

1   10.   By pleading guilty, defendant may be giving up valuable
2   government benefits and valuable civic rights, such as the right to
3   vote, the right to possess a firearm, the right to hold office, and
4   the right to serve on a jury.  Once the Court accepts defendant's
5   guilty pleas, it will be a federal felony for defendant to possess a
6   firearm or ammunition.  The convictions in this case may also subject
7   defendant to various other collateral consequences, including but not
8   limited to revocation of probation, parole, or supervised release in
9   another case and suspension or revocation of a professional license.
10  Defendant understands that unanticipated collateral consequences will
11  not serve as grounds to withdraw defendant's guilty pleas.

12   11.   If defendant is not a United States citizen, the
13  convictions in this case makes it practically inevitable and a
14  virtual certainty that defendant will be removed or deported from the
15  United States.  Defendant may also be denied United States
16  citizenship and admission to the United States in the future.
17  Defendant understands that while there may be arguments that
18  defendant can raise in immigration proceedings to avoid or delay
19  removal, removal is presumptively mandatory and a virtual certainty
20  in this case.  Removal and immigration consequences are the subject
21  of a separate proceeding and that no one, including his attorney or
22  the Court, can predict to an absolute certainty the effect of his
23  convictions on his immigration status.  Defendant nevertheless
24  affirms that he wants to plead guilty regardless of any immigration
25  consequences that his pleas may entail, even if the consequence is
26  automatic removal from the United States.

27
28

6

12.   As a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Independent of supervised release, defendant will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life.  Under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.  The defendant must register and keep the registration current in each jurisdiction in which the defendant resides, is an employee, or is a student. Requirements for registration include providing, among other information, the defendant's true name, residence address, and names and addresses of any places where the defendant is or will be an employee or student.  The requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of the defendant's name, residence, employment, or student status.  Failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**V.    FACTUAL BASIS**

13.   The United States submits that this statement of facts is sufficient to support pleas of guilty to the charges described in this document, but it is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

As to Count 1, BRINSON (a/k/a "king," "iamking," "boyanal," and "devinelover") was a member of "Website A," which was an Internet-based, members-only bulletin board dedicated to the production, advertisement, transportation, receipt, distribution, and possession of child pornography depicting children five years old or younger. BRINSON was a member of Website A and he made posts under the username "king."  When BRINSON was a member, Website A had over one thousand members.  Its members used screen names to mask their identities, followed security rules regarding remaining anonymous, and needed to use a network that masked each member's Internet Protocol address.

Members could make "posts" to Website A that often included child pornography images and videos and links to child pornography. Members could make these posts in different sections of Website A that were dedicated to child pornography depicting children of certain ages and genders.  Website A also allowed members to ascend to certain "ranks" based on the extent of that member's participation in Website A, including the amount of child pornography the member shared over the website.

BRINSON joined Website A on approximately February 24, 2016, and made approximately 249 posts to other Website A users.  Between approximately February 2016 and continuing through approximately June 2017, within the Central District of California, and elsewhere, BRINSON, acting in concert with co-defendant, Arlan Harrell and others, engaged in a series of three or more felony violations of advertisement of child pornography in violation of 18 U.S.C. § 2251(d)(1)(A) and distribution of child pornography in violation of

18 U.S.C. § 2252(a)(2).  For example, acting in concert with co-defendant, Arlan Harrell, and other members of Website A, BRINSON made the following posts on Website A:

- On August 1, 2016, BRINSON made a post thanking Harrell a/k/a "Soole" for a post he made, encouraging others to post more, and thanking the administrators for creating and running the site that contained a 10 images, including images that depicted a closeup of Minor Victim 3's unclothed penis and an image that depicted an adult male penis touching the unclothed buttocks of Minor Victim 3. Minor Victim 3 was approximately six years old at the time of the post.

- On November 19, 2016, BRINSON made a post that contained three images that depicted Minor Victim 3 laying on his back without clothing and his legs spread with a focus on his genitalia.  The post also included links to download the images, along with text thanking the moderators and members of the site.  Minor Victim 3 was approximately six years old at the time of the post.

- On January 25, 2017, BRINSON made a post that included three images of Minor Victim 3, as well as text describing the images and the sexual acts that BRINSON performs on Minor Victim 3.  One of the images depicted Minor Victim 3 orally copulating BRINSON and another included a closeup of Minor Victim 3's unclothed genitalia.  Minor Victim 3 was approximately six years old at the time of the post.

- On June 10, 2017, BRINSON made a post that included a link and a password to a video file that depicted an adult male anally penetrating a toddler.  The post was labeled with an explicit description of the video.

As to Count 3 through 5, between approximately September 24, 2016 and May 28, 2017, Harrell and BRINSON, each assisting the other, created images and/or videos of Minor Victims 3, 11, and 12, which depicted the lascivious display of the genitals of Minor Victims 3, 11, and 12, as well as BRINSON and/or Harrell orally copulating, or masturbating or anally penetrating Minor Victims 3, 11, and 12.  Each image or video was produced or transmitted using materials that were manufactured outside of California.  At all relevant times, Minor Victim 3 was less than eight years old and Minor Victims 11 and 12 were less than four years old.

As to Count 6, between approximately December 19, 2016, and May 28, 2017, BRINSON and Moises Martinez, each assisting the other, created images of Minor Victim 1, including images which depicted the lascivious display of the genitals of Minor Victim 1 and an adult male penis anally penetrating Minor Victim 1.  Each image was produced or transmitted using materials that were manufactured outside of California.  At all relevant times, Minor Victim 1 was less than ten years old.

All of BRINSON's offenses described above took place in the state of California and in whole or in part within the Central District of California.  He took these actions knowingly and deliberately and not by mistake or accident.  All of the individuals designated as "Minor Victims" were under the age of 18 at the time of

his conduct.  This Factual Basis does not recite every fact known to the United States about BRINSON's conduct, and it does not prevent either party from introducing additional facts or evidence at sentencing.

## VI.  DEFENDANT'S PROPOSED FACTUAL BASIS

Defendant's proposed factual basis is inconsistent with the SSI. For example, in the FSI, in Count One, it charged defendant with Engaging in a Child Exploitation Enterprise, which is the same as Count One in the SSI.  In the FSI, Count One, however, it is alleged that defendant made three specific posts on Website A on: (1) February 28, 2016; (2) November 14, 2016; and (3) June 10, 2017. (See FSI, Docket Entry ("DE") No. 21 at p. 8.)  The predicate acts for the February 28, 2016 and November 14, 2016 posts were violations of 18 U.S.C. § 2251(a), production of child pornography.  The predicate act for the June 10, 2017 post was distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2).

In contrast, the Second Superseding Indictment ("SSI") Count One alleges that defendant made four specific posts to Website A on: (1) August 1, 2016; (2) November 19, 2016; (3) January 25, 2017; and (4) June 10, 2017.  (See SSI, DE 228, at 4.)  Importantly, the predicate act for each of these posts is alleged as both distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), or advertisement of child pornography, in violation of 18 U.S.C. § 2251(d)(1)(A). (Id. at 3-4.)

Defendant's proposed factual basis has defendant admitting to the predicate acts of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) – which is a different statute than

alleged in the SSI – and production of child pornography in violation of 18 U.S.C.§ 2251(a) – which is not specified in Count 1 of the SSI. (See Defendant's proposed factual basis at 4.)  The dates that defendant references for his posts are: (1) November 19, 2016; (2) October 20, 2016; and (3) January 25, 2017.  (Id. at 4-5)  While November 19, 2016 and January 25, 2017 are dates in the SSI, defendant references different felony violations.  It is unclear from where the October 20, 2016 date originates.  As such, the government submits that the Court should adopt the Factual Basis provided herein for Count One.

Regarding Counts Three through Six, that charge production of child pornography, in violation of 18 U.S.C. § 2251(a), defendant connects his production of child pornography of victims 3 and 12 to his postings on Website A.  While it is true that defendant sometimes used these children in his posts, the production charges in the SSI encompass acts that are not connected to Website A and the SSI does not use production of child pornography as predicate acts to the Enterprise Count.  Further, defendant's factual basis uses a number of legal terms of art that should be clarified and imprecisely summarizes some of the elements of the offense committed by defendant.  Consequently, the government submits that the Court should use its proposed factual basis and make any necessary inquiry of defendant to ensure that he understands the nature of each charge to which he is pleading, pursuant to Fed. R. Crim. P. 11(b)(1)(G).

**VII. WAIVER OF CONSTITUTIONAL RIGHTS**

14.  By pleading guilty, defendant gives up the following rights:

12

1            a.   The right to persist in a plea of not guilty.

2            b.   The right to a speedy and public trial by jury.

3            c.   The right to be represented by counsel – and if

4 necessary have the Court appoint counsel - at trial.  Defendant

5 understands, however, that, defendant retains the right to be

6 represented by counsel – and if necessary have the Court appoint

7 counsel – at every other stage of the proceeding.

8            d.   The right to be presumed innocent and to have the

9 burden of proof placed on the government to prove defendant guilty

10 beyond a reasonable doubt.

11           e.   The right to confront and cross-examine witnesses

12 against defendant.

13           f.   The right to testify and to present evidence in

14 opposition to the charges, including the right to compel the

15 attendance of witnesses to testify.

16           g.   The right not to be compelled to testify, and, if

17 defendant chose not to testify or present evidence, to have that

18 choice not be used against defendant.

19           h.   Any and all rights to pursue any affirmative defenses,

20 Fourth Amendment or Fifth Amendment claims, and other pretrial

21 motions that have been filed or could be filed.

13