TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER/CHRISTOPHER D. GRIGG
Assistant United States Attorneys
Chiefs, Criminal and National Security Divisions
KAREN I. MEYER (Cal. Bar No. 220554)
DEVON MYERS (Cal. Bar No. 240031)
Assistant United States Attorneys
Violent & Organized Crime/Cyber & IP Crimes Sections
    1300/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8559/0649
    Facsimile: (213) 894-2927
    E-mail:   kim.meyer@usdoj.gov
            devon.myers@usdoj.gov

LAUREN S. KUPERSMITH
KYLE P. REYNOLDS
Trial Attorneys
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
    1301 New York Avenue, NW
    Washington DC 20005
    Telephone: (202) 514-1564
    Facsimile: (202) 514-1793
    E-mail:   lauren.kupersmith@usdoj.gov
            Kyle.reynolds@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-404(B)-AB-2 |
|---|---|
| Plaintiff, | SECOND MEMORANDUM IN AID OF DEFENDANT JOHN BRINSON, JR.'S CHANGE OF PLEA AND PARTIES' REVISED AND JOINT PROPOSED FACTUAL BASIS |
| v. | |
| ARLAN WESLEY HARRELL, et al., | |
| Defendants. | |

Plaintiff United States of America, by and through its attorneys of record, the United States Attorney's Office for the Central District of California and Assistant United States Attorneys Devon

Myers and Karen I. Meyer and Department of Justice Trial Attorneys Lauren Kupersmith and Kyle P. Reynolds, hereby submits this memorandum in aid of defendant JOHN BRINSON JR.'S ("defendant") Rule 11 plea. There was a change of plea hearing set on June 21, 2021, during which the parties could not agree on a factual basis to effect defendant's intention to plead guilty to all of the charges in which he is named in the Second Superseding Indictment, without a plea agreement. The parties have now agreed on the factual basis that is included herein and hope to have a date for a change of plea hearing before the Court very soon. The government hereby files a brief statement regarding the elements, penalties, and an updated factual basis supporting those counts in which defendant is named: Counts One, and Counts Three through Six.

Dated: July 1, 2021            Respectfully submitted,

                               TRACY L. WILKISON
                               Acting United States Attorney

                               SCOTT GARRINGER/CHRISTOPHER D. GRIGG
                               Assistant United States Attorneys
                               Chiefs, Criminal/National Security
                               Divisions

                                    /S/
                               ───────────────────────────────
                               DEVON MYERS
                               KAREN I. MEYER
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA


                                    /S/
                               ───────────────────────────────
                               GREGORY NICOLAYSEN, ESQ

                               Attorney for Defendant
                               JOHN BRINSON, JR.

**MEMORANDUM**

**I. GUILTY PLEA**

Defendant is pleading guilty to all counts in the twenty-four count Second Superseding Indictment in which he is charged in <u>United States v. Arlan Wesley Harrell, et al.</u>, 17-cr-404(B)-AB-2, which are Count One and Counts Three through Six.

Count One charges defendant with Child Exploitation Enterprise, in violation of Title 18, United States Code, Section 2252A(g). Counts Three through Six charge defendant with Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a), (e), as well as the alternate theory of aiding and abetting the Production of Child Pornography in violation of Title 18, United States Code, Section 2(a).

**II. NATURE OF THE OFFENSE**

1. For defendant to be guilty of the crime charged in Count One, that is, Child Exploitation Enterprise, in violation of Title 18, United States Code, Section 2252A(g), the following must be true: (1) defendant knowingly produced, advertised, transported, distributed, or received child pornography in violation of Chapter 110 of Title 18, United States Code, as part of a series of felony violations constituting three or more separate incidents; (2) the incidents involved more than one victim; and (3) the defendant committed those offenses in concert with three or more other persons.

2. For defendant to be guilty of the crime charged in Counts Three through Six, that is, Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a), (e), the following must be true: (1) at the time of the offense, the victim

was under the age of 18 years; (2) defendant employed, used, persuaded, induced, enticed, or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and (3) (a) the visual depiction was actually transported and transmitted using any means or facility of interstate and foreign commerce and in and affecting interstate commerce; or (b) the defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate commerce; or (c) the visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

3. For defendant to be guilty of Aiding and Abetting the Production of Child Pornography, as charged as an alternative theory in Counts Three through Six, in violation of Title 18, United States Code, Section 2251(a), the following must be true: (1) someone else committed the production of child pornography; (2) defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the production of child pornography; (3) defendant acted with the intent to facilitate the production of child pornography; and (4) defendant acted before the crime was completed.

**III. PENALTIES**

4. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(g), is: life imprisonment; a lifetime period of supervised release; full restitution to the victims of the offense; a fine of $250,000 or

twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100 and a $5,000 special assessment pursuant to title 18, United States Code, Section 3014 if the Court determines defendant is non-indigent.

5. The statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Sections 2251(a), (e), is: 30 years' imprisonment; a lifetime period of supervised release; full restitution to the victims of the offense; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100 and a $5,000 special assessment pursuant to title 18, United States Code, Section 3014 if the Court determines defendant is non-indigent.

6. The total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a lifetime period of supervised release; a fine of $1,250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; a mandatory special assessment of $500 and a trafficking special assessment of $25,000, if the Court determines that defendant is not indigent.

7. The statutory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2252A(g), is: 20 years' imprisonment; five years' supervised release; and a mandatory special assessment of $100.

8. The statutory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2251(a), is:

15 years' imprisonment; five years' supervised release; and a mandatory special assessment of $100.

9. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

10. By pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Once the Court accepts defendant's guilty pleas, it will be a federal felony for defendant to possess a firearm or ammunition. The convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

11. If defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay

6

removal, removal is presumptively mandatory and a virtual certainty in this case. Removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

12. As a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender. Independent of supervised release, defendant will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. The defendant must register and keep the registration current in each jurisdiction in which the defendant resides, is an employee, or is a student. Requirements for registration include providing, among other information, the defendant's true name, residence address, and names and addresses of any places where the defendant is or will be an employee or student. The requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of the defendant's name, residence, employment, or student status. Failure to comply with these obligations subjects the defendant to prosecution for failure

to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## IV. FACTUAL BASIS

13. The parties submit that this statement of facts is sufficient to support pleas of guilty to the charges described in this document, but it is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

As to Count 1, BRINSON (a/k/a "king") was a member of "Website A," which was an Internet-based, members-only bulletin board dedicated to the production, advertisement, transportation, receipt, distribution, and possession of child pornography depicting children five years old or younger.

BRINSON became a member of Website A in February 2016. During the course of his membership, BRINSON made at least 200 posts on Website A under the username "king." When BRINSON was a member, Website A had over one thousand members. Members could make "posts" to Website A that often included child pornography images and videos and links to child pornography.

Between approximately February 2016 and continuing through approximately June 2017, within the Central District of California, and elsewhere, BRINSON, acting in concert with a co-defendant and at least two other members of Website A, engaged in a series of three or more felony violations of advertisement of child pornography in violation of 18 U.S.C. § 2251(d)(1)(A) and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). For example,

acting in concert with a co-defendant and at least two other members of Website A, BRINSON made the following posts on Website A:

- On August 1, 2016, BRINSON made a post including images that depicted a closeup of Minor Victim 3's unclothed penis and an image that depicted an adult male penis touching the unclothed buttocks of Minor Victim 3. Minor Victim 3 was approximately six years old at the time.
- On November 19, 2016, BRINSON made a post including images that depicted Minor Victim 3 laying on his back without clothing and his legs spread with a focus on his genitalia. The post also included at least one link to download the images. Minor Victim 3 was approximately six years old at the time.
- On January 25, 2017, BRINSON made a post including images that depicted Minor Victim 3 orally copulating an adult male and a closeup of Minor Victim 3's unclothed genitalia. Minor Victim 3 was approximately six years old at the time.
- On June 10, 2017, BRINSON made a post that included a link and a password to a video file that depicted anal-genital sexual intercourse between an adult male and a toddler.

As to Count 3 through 5, between approximately September 24, 2016 and May 28, 2017, Harrell and BRINSON, each assisting the other, created images and/or videos of Minor Victims 3, 11, and 12, which depicted the Minor Victims engaging in sexually explicit conduct, including, among other things, sexualized depictions of close-ups of their naked genitals. Each image or video was produced or transmitted using materials that were manufactured outside of

9

California.  At all relevant times, Minor Victims 3, 11, and 12 were under the age of twelve.

As to Count 6, between approximately December 19, 2016, and May 28, 2017, BRINSON and Moises Martinez, each assisting the other, created images of Minor Victim 1, which depicted Minor Victim 1 engaging in sexually explicit conduct, including, among other things, sexualized depictions of a close-up of Minor Victim 1's naked genitals.  Each image was produced or transmitted using materials that were manufactured outside of California.  At all relevant times, Minor Victim 1 was under the age of twelve.

All of BRINSON's offenses described above took place in the state of California and in whole or in part within the Central District of California.  He took these actions knowingly and deliberately and not by mistake or accident.  This Factual Basis does not recite every fact known to the United States about BRINSON's conduct, and it does not prevent either party from introducing additional facts or evidence at sentencing.

**V.    WAIVER OF CONSTITUTIONAL RIGHTS**

14.  By pleading guilty, defendant gives up the following rights:

    a.  The right to persist in a plea of not guilty.

    b.  The right to a speedy and public trial by jury.

    c.  The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

        d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

        e.    The right to confront and cross-examine witnesses against defendant.

        f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

        g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

        h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.