TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER/CHRISTOPHER D. GRIGG
Assistant United States Attorneys
Chiefs, Criminal/National Security Divisions
KAREN I. MEYER (Cal Bar No. 220554)
DEVON MYERS (Cal. Bar No. 240031)
Assistant United States Attorney
VOCS/Cyber & IP Crimes Section
     1300/1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8559/0649
     Facsimile: (213) 894-2927
     E-mail:    devon.myers@usdoj.gov
                kim.meyer@usdoj.gov

LAUREN S. KUPERSMITH
KYLE P. REYNOLDS
Trial Attorneys
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
     1301 New York Avenue, NW
     Washington, DC 20005
     Telephone: (202) 514-1564
     Facsimile: (202) 514-1793
     Email:    lauren.kupersmith@usdoj.gov
               kyle.reynolds@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-00404(A)-AB-2 |
|---|---|
| Plaintiff, | ORDER REGARDING RESTITUTION FOR DEFENDANT JOHN BRINSON, JR., AND TAKING MAY 20, 2022, RESTITUTION HEARING OFF CALENDAR |
| v. | |
| ARLAN WESLEY HARRELL, et al., | |
| Defendants. | |

The Court has read and considered the Stipulation Regarding Restitution for Defendant John Brinson, Jr., filed by the government

and defendant John Richard Brinson Jr. on May 17, 2022. Based on the facts in the Stipulation and FOR GOOD CAUSE SHOWN:

1. The Court finds that defendant is indigent and cannot pay the $5,000 trafficking victims' special assessment;

2. Defendant shall pay restitution to Minor Victim 3 in the total amount of $118,145, as set follows:

   a. For Minor Victim 3's future therapy costs, defendant shall pay the amount of $96,000. Funds for future therapy costs will be paid via the clerk's office to Carol L. Hepburn in trust for Minor Victim 3 and to be forwarded by Ms. Hepburn to a pooled trust fiduciary such as Secured Futures, which will act as a fiduciary and hold the funds in a special-needs trust that will allow Minor Victim 3 to preserve or obtain eligibility for government benefits based upon his disabilities or upon his family's financial status. Such funds shall be held by the fiduciary until Minor Victim 3 turns 18 years of age at which time any funds remaining shall be paid to Minor Victim 3 absent further court order. At no time shall such funds become available to Minor Victim 3 or his parents or placed in their possession or control, except as provided herein. Counsel for Minor Victim 3 may act as Grantor for setting up the pooled trust. Minor Victim 3, through his counsel, mother, or primary physical custodian may request that the fiduciary apply the money held in trust for special needs and enrichment services and activities including but not limited to therapy fees, specialized child care costs, educational costs, and/or extracurricular activities costs beyond what may be allowed by any public benefit allotments;

   b. For Minor Victim 3's mother's lost wages/child-care costs, Defendant shall pay the amount of $10,400. Funds for lost

wages/child-care costs will be paid via the clerk's office to Carol L. Hepburn in trust for Minor Victim 3's mother;

    c. For attorneys' fees incurred by Minor Victim 3's mother's and father's counsel, Defendant shall pay the amount of $11,745, with $7,155 to be paid to Carol Hepburn and $4,590 to be paid to Deborah Bianco. Funds for attorneys' fees will be paid via the clerk's office to Carol L. Hepburn;

3. Defendant shall be held joint and severally liable with the three other defendants in this case for the full amount of the restitution ordered for Minor Victim 3;

4. If the defendant makes a partial payment, each payee shall receive approximately proportional payments unless another priority order or percentage payment in specified in the amended judgment;

5. Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program; and

6. The clerk should mail all restitution payments received for Minor Victim 3 to Carol L. Hepburn at P.O. Box 17718, Seattle, WA 98127.

7. Pursuant to 18 U.S.C. § 3664(f)(1), defendant will pay restitution during the period of imprisonment at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any restitution amount remains unpaid after release from custody, nominal monthly payments of at least 10% of defendant's gross monthly income but not less than $100, whichever is greater, shall be made during the period of supervised release and shall begin 30 days after the commencement of supervision.

8. Defendant shall not have to pay interest on his restitution payments because he is indigent pursuant to 18 U.S.C. § 3612(f)(3)(A).

9. An amended judgment and commitment order consistent with the terms of this Order shall be issued forthwith.

10. The restitution hearing currently set for May 20, 2022, will be taken off calendar.

IT IS SO ORDERED.

May 18, 2022
DATE

THE HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

CC: Fiscal

Presented by:

_____/s/_____
DEVON MYERS
Assistant United States Attorney