**United States District Court**
**Central District of California**

JS-3

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.    CR 17-00404-AB-2 |
| **Defendant**    John Richard Brinson, Jr | Social Security No.   1   6   2   1 |
| akas: | (Last 4 digits) |

### AMENDED JUDGMENT AND PROBATION/COMMITMENT ORDER

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 04 | 22 | 2022 |

**COUNSEL**: Gregory Nicolaysen, CJA Appointment
(Name of Counsel)

**PLEA**: [X] GUILTY, and the court being satisfied that there is a factual basis for the plea. [ ] NOLO CONTENDERE [ ] NOT GUILTY

**FINDING**: There being a finding/verdict of **GUILTY**, defendant has been convicted as charged of the offense(s) of: Engaging in a Child Exploitation Enterprise in violation of 18 U.S.C. § 2252A(g), as charged in Count 1 of the Second Superseding Indictment; Production of Child Pornography, Aiding and Abetting in violation of 18 U.S.C. §§ 2251(a), (e) and § 2(a), as charged in Counts 3, 4, 5, and 6 of the Second Superseding Indictment.

**JUDGMENT AND PROB/ COMM ORDER**: The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, John Richard Brinson, Jr., is hereby committed on Count 1, 3, 4, 5 and 6 of the Second Superseding Indictment to the custody of the Bureau of Prisons for a term of Life. This term consists of Life on Count 1 and 360 months on Counts 3, 4, 5, and 6, all to be served concurrently.

Should the defendant be released from imprisonment, the defendant shall be placed on supervised release for a term of life. This term consists of life on each of Counts 1, 3, 4, and 5 of the Second Superseding Indictment, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

2. The defendant shall cooperate in the collection of a DNA sample from the defendant.

3. During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

<u>Sex Offender Conditions</u>

4. Within three (3) days of release from prison, the defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, is employed and is a student, pursuant to the registration procedures that have been established in each jurisdiction. When registering for the first time, the defendant shall also register in the jurisdiction in which the conviction occurred if different from the defendant's jurisdiction of residence. The defendant shall provide proof of registration to the Probation Officer within 48 hours of registration.

5. The defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, or any combination thereof as approved and directed by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing. The defendant retains the right to invoke the Fifth Amendment.

6. As directed by the Probation Officer, the defendant shall pay all or part of the costs of psychological counseling or psychiatric

| | |
|---|---|
| USA vs.   John Richard Brinson, Jr | Docket No.:   CR 17-00404-AB-2 |

treatment, or a sex offender treatment program, or any combination thereof to the aftercare contractor during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required.

7. The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child pornography, as defined in 18 U.S.C. §2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. §2256(2). This condition does not prohibit the defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit the defendant from possessing materials prepared and used for the purposes of the defendant's Court-mandated sex offender treatment, when the defendant's treatment provider or the probation officer has approved of the defendant's possession of the material in advance.

8. The defendant shall not contact the victims by any means, including in person, by mail or electronic means, or via third parties. Further, the defendant shall remain at least 100 yards from the victims at all times. If any contact occurs, the defendant shall immediately leave the area of contact and report the contact to the Probation Officer.

9. The defendant shall not enter, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, amusement and theme parks, or other places primarily used by persons under the age of 18, without the prior written authorization of the probation officer.

10. The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that the defendant notify said parent or legal guardian of the defendant's conviction in the instant offense/prior offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., whom the defendant must interact with in order to obtain ordinary and usual commercial services.

11. The defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes the defendant to regularly contact persons under the age of 18.

12. The defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. §2256(2).

13. The defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall the defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

14. The defendant shall not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depict "actual sexually explicit conduct" involving adults as defined by 18 USC 2257(h)(1).

15. The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child erotica, which is defined as a person under the age of 18 in partial or complete state of nudity, in sexually provocative poses, viewed for the purpose of sexual arousal.

<u>Employment</u>

16. The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. The defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten (10) days prior to any scheduled change.

<u>Residence</u>

17. The defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. The defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer. The defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

<u>Search Condition</u>

18. The defendant shall submit to a search, at any time, with or without warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computers, cell phones, other electronic communication or data storage devices or media, email accounts, social media accounts, cloud storage accounts, effects and other areas under the defendant's

USA vs.   John Richard Brinson, Jr                                      Docket No.:   CR 17-00404-AB-2

control, upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

<u>Computer</u>

19. The defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs) that have been disclosed to the Probation Officer upon commencement of supervision. Any changes or additions are to be disclosed to the Probation Officer prior to the defendant's first use. Computers and computer-related devices include personal computers, personal data assistants (PDAs), internet appliance, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

20. All computers, computer-related devices, and their peripheral equipment, used by the defendant shall be subject to search and seizure. This shall not apply to items used at the employment's site that are maintained and monitored by the employer.

21. The defendant shall comply with the rules and regulations of the Computer Monitoring Program. The defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

It is ordered that the defendant shall pay to the United States a special assessment of $500, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider.  The treatment provider may provide information (excluding the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

The Court recommends that the Bureau of Prisons conduct a mental health evaluation of the defendant and provide all necessary treatment.

Defendant informed of his right to appeal.

On the Government's motion, the underlying Indictment and First Superseding Indictment are ordered dismissed.

The Court recommends that the defendant be housed at USP Tucson.

1. The Court finds that defendant is indigent and cannot pay the $5,000 trafficking victims' special assessment;

2. Defendant shall pay restitution to Minor Victim 3 in the total amount of $118,145, as set follows:

    a. For Minor Victim 3's future therapy costs, defendant shall pay the amount of $96,000. Funds for future therapy costs will be paid via the clerk's office to Carol L. Hepburn in trust for Minor Victim 3 and to be forwarded by Ms. Hepburn to a pooled trust fiduciary such as Secured Futures, which will act as a fiduciary and hold the funds in a special-needs trust that will allow Minor Victim 3 to preserve or obtain eligibility for government benefits based upon his disabilities or upon his family's financial status.  Such funds shall be held by the fiduciary until Minor Victim 3 turns 18 years of age at which time any funds remaining shall be paid to Minor Victim 3 absent further court order.  At no time shall such funds become available to Minor Victim 3 or his parents or placed in their possession or control, except as provided herein.  Counsel for Minor Victim 3 may act as Grantor for setting up the pooled trust.  Minor Victim 3, through his counsel, mother, or primary physical custodian  may request that the fiduciary apply the money held in trust for special needs and enrichment services and activities including but not limited to therapy fees, specialized child care costs, educational costs, and/or extracurricular activities costs beyond what may be allowed by any public benefit allotments;

    b. For Minor Victim 3's mother's lost wages/child-care costs, Defendant shall pay the amount of $10,400.  Funds for lost wages/child-care costs will be paid via the clerk's office to Carol L. Hepburn in trust for Minor Victim 3's

| USA vs. | John Richard Brinson, Jr | Docket No.: | CR 17-00404-AB-2 |
|---|---|---|---|

       mother;

    c.    For attorneys' fees incurred by Minor Victim 3's mother's and father's counsel, Defendant shall pay the amount of $11,745, with $7,155 to be paid to Carol Hepburn and $4,590 to be paid to Deborah Bianco. Funds for attorneys' fees will be paid via the clerk's office to Carol L. Hepburn;

3. Defendant shall be held joint and severally liable with the three other defendants in this case for the full amount of the restitution ordered for Minor Victim 3;

4. If the defendant makes a partial payment, each payee shall receive approximately proportional payments unless another priority order or percentage payment in specified in the amended judgment;

5. Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program; and

6. The clerk should mail all restitution payments received for Minor Victim 3 to Carol L. Hepburn at P.O. Box 17718, Seattle, WA 98127.

7. Pursuant to 18 U.S.C. § 3664(f)(1), defendant will pay restitution during the period of imprisonment at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any restitution amount remains unpaid after release from custody, nominal monthly payments of at least 10% of defendant's gross monthly income but not less than $100, whichever is greater, shall be made during the period of supervised release and shall begin 30 days after the commencement of supervision.

8. Defendant shall not have to pay interest on his restitution payments because he is indigent pursuant to 18 U.S.C. § 3612(f)(3)(A).

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| May 18, 2022 | _(signature)_ |
|---|---|
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| May 18, 2022 | By | C. Badirian |
|---|---|---|
| Filed Date | | Deputy Clerk |

| | | | |
|---|---|---|---|
| USA vs. | John Richard Brinson, Jr | Docket No.: | CR 17-00404-AB-2 |

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

USA vs.   John Richard Brinson, Jr                                   Docket No.:   CR 17-00404-AB-2

[X]  The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid):
    Non-federal victims (individual and corporate),
    Providers of compensation to non-federal victims,
    The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs.   John Richard Brinson, Jr                              Docket No.:   CR 17-00404-AB-2

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

Date                                                                 Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

Filed Date                                                       Deputy Clerk

---

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____                                      _____
Defendant                                                                                 Date

_____                                                            _____
U. S. Probation Officer/Designated Witness                                     Date