**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50093 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00404-AB-2 |
| v. | |
| JOHN RICHARD BRINSON, Jr., AKA Boyanal, AKA Devinelover, AKA Iamking, AKA King, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted November 16, 2023**
Pasadena, California

Before: RAWLINSON, HURWITZ, and OWENS, Circuit Judges.

John Richard Brinson, Jr., appeals the life sentence imposed following his guilty plea to one count of engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g) and four counts of production of child pornography in

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 2251(a), (e). The only issue before us is whether, under the totality of the circumstances, Brinson's life sentence is substantively reasonable. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Cruz-Mendez*, 811 F.3d 1172, 1175 (9th Cir. 2016). As the parties are familiar with the facts, we do not recount them here. We affirm.

The sentencing factors set forth in 18 U.S.C. § 3553(a), which include the sentencing range established by the Sentencing Guidelines, guide our analysis. *United States v. Vasquez-Perez*, 742 F.3d 896, 901 (9th Cir. 2014). We do not presume that a within-Guidelines sentence is reasonable. *United States v. Wilson*, 8 F.4th 970, 978 (9th Cir. 2021) (per curiam). But a sentence that is consistent with the Guidelines "will usually be reasonable." *Rita v. United States*, 551 U.S. 338, 351 (2007). We will "only vacate a sentence if the district court's decision not to impose a lesser sentence was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Wilson*, 8 F.4th at 978 (citation omitted).

The district court did not abuse its discretion; it engaged in an individualized determination in light of the § 3553(a) factors and reasonably declined to deviate from the Guidelines-recommended sentence of life in prison. *See Rita*, 551 U.S. at 351 ("[W]hen the judge's discretionary decision accords with the Commission's

2

view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable."). Given the nature of the offense, the need to deter future abusers and producers of child pornography, the risk of Brinson reoffending, and the life sentence imposed on one of Brinson's codefendants, Brinson's life sentence was substantively reasonable. The court's decision not to impose a lesser sentence was not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Wilson*, 8 F.4th at 978 (citation omitted).

Brinson contends that his life sentence is substantively unreasonable because the district court "failed to properly consider that he could be rehabilitated." The district court did consider the potential for rehabilitation but declined to take a "risk" that Brinson would not reoffend. Moreover, Brinson's potential for rehabilitation, even if accepted, does not outweigh the circumstances (specifically, the nature of the offense and the need for deterrence) that reasonably supported a life sentence under § 3553(a). Nor do Brinson's other characteristics—such as his age (twenty-four years old at the time of arrest) or lack of previous criminal history—render the life sentence unreasonable. Rather, imposing a lesser sentence would have created an unwarranted disparity between Brinson and one of his codefendants, who also received a life sentence. *See* U.S. Sent'g Guidelines Manual ch. 5, pt. H, introductory cmt. (U.S. Sent'g Comm'n 2023) (suggesting that

a district court should avoid unwarranted sentencing disparities rather than give a defendant's history or characteristics "excessive weight"); *see also* 18 U.S.C. § 3553(a)(5) (instructing district courts to consider the Sentencing Commission's policy statements).

This case thus falls within the "overwhelming majority" of cases where a within-Guidelines sentence is reasonable. *Wilson*, 8 F.4th at 978-79 (citation omitted).

**AFFIRMED.**