BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
KAREN I. MEYER (Cal. Bar No. 220554)
Assistant United States Attorney
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8559
     Facsimile: (213) 894-3713
     Email:    Kim.Meyer@usdoj.gov

LAUREN S. KUPERSMITH
Acting Deputy Chief
Child Exploitation & Obscenity Section
U.S. Department of Justice, Criminal Division
     1301 New York Avenue, NW, Suite 1100
     Washington, D.C. 20005
     Telephone: (202) 514-1564
     Facsimile: (202) 514-1793
     E-mail:    lauren.kupersmith@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>JOHN R. BRINSON, JR.,<br><br>       Defendant. | Nos. 2:17-CR-00404-AB<br>       2:25-CV-02652-AB<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT CONVICTION AND SENTENCE |
|---|---|

Plaintiff United States of America, by and through its counsel of record, the United States Department of Justice, Child Exploitation and Obscenity Section, and Acting Deputy Chief Lauren S. Kupersmith, and the United States Attorney for the Central District of California and Assistant United States Attorney Karen I. Meyer, hereby files its opposition to defendant John R. Brinson, Jr.'s 28

U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Conviction and Sentence.

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case (CV 2:25-cv-02652-AB), the files and records of the underlying criminal case (United States v. Arlan Wesley Harrell, et al., CR No. 2:17-00404-AB), the appeal of the underlying criminal case (CA No. 22-50093), and any other materials submitted to the Court.

Dated: July 28, 2025                    Respectfully submitted,

                                        BILAL A. ESSAYLI
                                        United States Attorney

                                        LINDSEY GREER DOTSON
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                        KAREN I. MEYER
                                        Assistant United States Attorney

                                        _____/s/_____
                                        Lauren S. Kupersmith
                                        Acting Deputy Chief, Child
                                        Exploitation & Obscenity Section
                                        U.S. Department of Justice, Criminal
                                        Division


                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

# TABLE OF CONTENTS

<u>DESCRIPTION</u>                                                         <u>PAGE</u>

TABLE OF AUTHORITIES...............................................i

I.    INTRODUCTION.................................................1

II.   PROCEDURAL HISTORY...........................................2

      A.    DISTRICT COURT.........................................2

            1.    Change of Plea Hearing...........................4

            2.    Codefendants.....................................7

            3.    Sentencing.......................................7

      B.    APPELLATE PROCEEDINGS..................................7

III.  ARGUMENT.....................................................8

      A.    STANDARD TO ESTABLISH INEFFECTIVE ASSISTANCE OF
            COUNSEL................................................9

      B.    DEFENDANT'S TRIAL COUNSEL DID NOT PROVIDE
            CONSTITUTIONALLY INEFFECTIVE ASSISTANCE BY ENCOURAGING
            DEFENDANT TO ENTER A GUILTY PLEA......................10

      C.    DEFENDANT'S TRIAL COUNSEL WAS NOT INEFFECTIVE FOR
            ATTEMPTING TO ARGUE FOR A LOWER GUIDELINES CALCULATION...15

IV.   NO EVIDENTIARY HEARING IS REQUIRED..........................18

V.    CONCLUSION..................................................19

1

**TABLE OF AUTHORITIES**

2  <u>DESCRIPTION</u>                                                                <u>PAGE</u>

3  **<u>CASES</u>**

4  <u>Babbitt v. Calderon</u>,
5     151 F.3d 1170 (9th Cir. 1998) ............................... 15

6  <u>Blackledge v. Allison</u>,
      431 U.S. 63 (1977) ......................................... 13

7  <u>Campbell v. Wood</u>,
8     18 F.3d 662 (9th Cir. 1994) ................................. 9

9  <u>Doganiere v. United States</u>,
      914 F.2d 165 (9th Cir. 1990) ............................... 14

10 <u>Dows v. Wood</u>,
11    211 F.3d 480 (9th Cir. 2000) ............................... 16

12 <u>Farrow v. United States</u>,
      580 F.2d 1339 (9th Cir. 1978) .............................. 18

13 <u>Gulbrandson v. Ryan</u>,
14    738 F.3d 976 (9th Cir. 2013) ............................... 16

15 <u>Harrington v. Richter</u>,
      562 U.S. 86 (2011) ................................. 15, 16, 18

16 <u>Hill v. Lockhart</u>,
17    474 U.S. 52 (1985) ..................................... 10, 11

18 <u>Premo v. Moore</u>,
      562 U.S. 115 (2011) ........................................ 14

19 <u>Kimmelman v. Morrison</u>,
20    477 U.S. 365 (1986) ................................... 10, 16

21 <u>Mickey v. Ayers</u>,
      606 F.3d 1223 (9th Cir. 2010) .............................. 10

22 <u>Miller v. Keeney</u>,
23    882 F.2d 1428 (9th Cir. 1989) .............................. 10

24 <u>Moore v. Czerniak</u>,
      574 F.3d 1092 (9th Cir. 2009) .............................. 14

25 <u>Muth v. Fondren</u>,
26    676 F.3d 815 (9th Cir. 2012) ............................... 13

27 <u>Prince v. Busby</u>,
28    2010 WL 3446920 (C.D. Cal. 2010) ....................... 14-15

<u>Shah v. United States</u>,
    878 F.2d 1156 (9th Cir. 1989) ............................. 18

<u>Smith v. Mahoney</u>,
    611 F.3d 978 (9th Cir. 2010) ........................... 11, 13

<u>Strickland v. Washington</u>,
    466 U.S. 668 (1984) ............................. 2, 9, 10, 16

<u>Turner v. Calderon</u>,
    281 F.3d 851 (9th Cir. 2002) ........................... 15-16

<u>United States v. Ameline</u>,
    409 F.3d 1073 (9th Cir. 2005) ............................. 16

<u>United States v. Birtle</u>,
    792 F.2d 846 (9th Cir. 1988) ............................. 10

<u>United States v. Blaylock</u>,
    20 F.3d 1458 (9th Cir. 1994) ........................... 8, 18

<u>United States v. Carrington</u>,
    1997 WL 770388 at *3-*5 (9th Cir. 1997) ................... 14

<u>United States v. Cochrane</u>,
    985 F.2d 1027 (9th Cir. 1993) ........................... 9-10

<u>United States v. Garcia</u>,
    909 F.2d 1346 (9th Cir. 1990) ............................. 14

<u>United States v. McMullen</u>,
    98 F.3d 1155 (9th Cir. 1996) ............................. 10

<u>United States v. Molina</u>,
    934 F.2d 1440 (9th Cir. 1991) ............................. 9

<u>United States v. Morrison</u>,
    113 F.3d 1020 (9th Cir. 1997) ............................. 13

<u>United States v. Quintero-Barraza</u>,
    78 F.3d 1344 (9th Cir. 1995) ............................. 9

<u>United States v. Ross</u>,
    511 F.3d 1233 (9th Cir. 2008) ............................. 13

<u>United States v. Vanderwerfhorst</u>,
    576 F.3d 929 (9th Cir. 2009) ............................. 17

<u>Womack v. Del Papa</u>,
    497 F.3d 998 (9th Cir. 2007) ............................. 14

**STATUTES**

18 U.S.C. § 2251 ................................... 4, 1, 3, 4, 5

ii

18 U.S.C. § 2252A ............................................... 1, 3

18 U.S.C. § 3661 ................................................. 17

28 U.S.C. § 2255 ...................................... 1, 8, 18, 19

3553(a) ............................................... 5, 6, 7, 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.    INTRODUCTION

Defendant/petitioner JOHN R. BRINSON, JR. ("defendant")
repeatedly committed violent sexual abuse against four children,
including two who were just three years old, and then posted
photographs and videos of the child sexual abuse material he created
on an anonymous website dedicated to the sexual abuse of children
ages zero to five years old.  Defendant gained access to two of the
victims by babysitting and then used those children to gain access to
the other victims through his codefendants who shared children
amongst each other and often abused the victims together.

Defendant was charged by way of the second superseding
indictment of one count of engaging in a child exploitation
enterprise in violation of 18 U.S.C. § 2252A(g) (count 1) and four
counts of production of child pornography in violation of 18 U.S.C. §
2251(a), (e) (counts 3-6).  (CR 228).[1]  On July 23, 2021, defendant
pleaded guilty to all of the charged conduct without a plea
agreement.  (CR 298).  On April 22, 2022, defendant was sentenced to
life imprisonment.  (CR 416).  Defendant appealed, arguing only that
his life sentence was substantively unreasonable.  (CA 19; CA 51).
In an unpublished opinion, the Ninth Circuit affirmed the sentence.
(CA 51).  On March 24, 2025, defendant filed the instant Motion to
Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (the
"Motion") (CR 485).

---

[1] "CR" refers to the Clerk's Record in the District Court for
case no. 2:17-cr-00404-AB and is followed by the applicable docket
control number. "CA" refers to the Appellate Record in the Ninth
Circuit for case no. 22-50093 and is followed by the applicable
docket control number. "CA 17 ER" refers to the unsealed Excerpts of
Record from the district court filed with the appellate court at
docket number 17 and is followed by the applicable Excerpt of Record
page number.

In his Motion, defendant argues that his trial counsel was ineffective due to the advice to enter an open plea, his mischaracterization of the sentencing outcome, and his meritless sentencing arguments in support of a lower sentence.  (CR 485 at 9). While defendant is classifying these arguments as ineffective assistance claims, they are all in essence claiming that his guilty plea was not knowing and voluntary, a claim not raised on direct appeal and contradicted by defendant's own words.  Regardless, defendant cannot meet the stringent Strickland test to show that counsel's performance fell below an objective standard of reasonableness or that any deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

Accordingly, the government respectfully urges this Court to deny the Motion without an evidentiary hearing and make a finding that a certificate of appealability shall not be issued.

## II.   PROCEDURAL HISTORY

### A.   DISTRICT COURT

Defendant's attorney Gregory Nicolaysen was first appointed for him at his initial appearance on the local complaint for this case on July 21, 2017.  (CR 6).  Attorney Nicolaysen represented defendant for the entirety of the almost five-year-long district court proceeding through and including the filing of the Notice of Appeal on April 27, 2022.  (CR 418).  Attorney Nicolaysen's motion to withdraw and appoint new appellate counsel was granted on May 3, 2022.  (CR 420).

The First Superseding Indictment was filed charging defendant, along with codefendants Arlan Harrell, Moises Martinez, and Keith Lawniczak on July 28, 2017. (CR 21).  On behalf of defendant, on

2

August 2, 2019, Attorney Nicolaysen filed a 44-page (plus exhibits) motion to suppress post-arrest statements. (CR 116). Additionally, on August 12, 2019, he filed a 29-page (plus exhibits) motion to suppress items seized. (CR 125). After a hearing on October 17, 2019, the Court denied defendant's motions, along with other motions argued contemporaneously by codefendants Harrell and Lawniczak. (CR 174). On July 21, 2020, the Second Superseding Indictment was filed as to only defendant and codefendant Harrell. (CR 228).

The Second Superseding Indictment charged both defendants with Engaging in a Child Exploitation Enterprise in violation of 18 U.S.C. § 2252A(g), stemming from activity on an Internet-based, members-only bulletin board, identified as "Website A," operating on a network that masked the Internet Protocol address of the user. (CR 228). The purpose of Website A was, among other things, the anonymous production, advertisement, transportation, receipt, distribution, and possession of child pornography, specifically dedicated to individuals who had a sexual interest in infants and young children under the age of five. (CR 228). Counts 3-5 of the Second Superseding Indictment charged defendant with production of child pornography in violation of 18 U.S.C. § 2251(a), (e) and involved conduct with codefendant Harrell. Count 6 similarly charged defendant with production of child pornography, but involved conduct with codefendant Martinez.

The factual basis that supported the charges and to which defendant pleaded guilty can be found in CR 291 at 8-10. Further specifics of defendant's conduct are well-documented in the Court's record, however, many documents are under seal so will not be repeated in detail here. If the Court requires specifics, additional

3

1  facts regarding defendant's conduct that support the basis of the

2  charges can be found in CR 399, 400, 403, 421, and CA 34.

3          1.    Change of Plea Hearing

4          On July 23, 2021,[2] defendant pleaded guilty without a plea

5  agreement to the five counts charged in the Second Superseding

6  Indictment.  (CR 298).  At the change of plea hearing, defendant was

7  placed under oath.  (CR 450 at 4:25-5:4).[3]  Based on statements by

8  defendant and his counsel, as well as the Court's own observations,

9  the Court found that defendant was in full possession of his

10  faculties and was competent to proceed.  (Id. at 7:15-18).  After the

11  government read through the elements of the offenses, the Court asked

12  defendant if he understood the nature and elements of the charges.

13  (Id. at 12:22-24).  Defendant answered in the affirmative.  (Id. at

14  12:25).  The Court confirmed that defendant discussed this with his

15  attorney and then asked defendant if he had any questions for the

16  Court to which defendant answered, "I do."  (Id. at 13:1-6).  The

17  Court then took an eight-minute recess so that defendant could

18  consult with his attorney in private.  (Id. at 15:7-12).  The

19  following colloquy took place at that point:

20          THE COURT: Mr. Brinson, do you have any other

21          questions about the charges?

22

23  _____

24  [2] The plea hearing was originally scheduled for June 21, 2021
where defendant indicated a desire to enter a guilty plea to the
charged conduct.  (CR 449, at 24:3-4).  The plea colloquy had not yet

25  begun when the Court expressed concerns about the lack of agreement
between the parties as to the factual basis.  The Court wanted to

26  ensure that "if in fact Mr. Brinson wants to plead, there's a factual
basis that should be able to be reached that lays out the elements of

27  the offense, provides an adequate factual basis so that he knows and
this Court knows what he has pled guilty to."  (Id. at 22:18-22).

28  [3] The transcript for the change of plea hearing can also be
found in CA 17 ER at 158-192.

                                        4

1            THE DEFENDANT: No. No, sir, I do not.

2            THE COURT: Now I am going to ask you something

3            related. Have you talked with Mr. Nicolaysen

4            about the maximum and mandatory minimum penalties

5            that apply in this case?

6            THE DEFENDANT: Yes, Your Honor.

7  (Id. at 15:13-20).  The government then outlined that the total

8  maximum sentence for the offenses to which defendant was pleading

9  guilty was life imprisonment.  (Id. at 15:25-17:2).  Defendant

10 confirmed that he went "over all of that" with his lawyer.  (Id. at

11 20:6-8).  The Court then confirmed with defendant that he understood

12 and discussed with his attorney the sentencing guidelines, 3553(a)

13 factors, and that the Court could sentence defendant "up to the

14 maximum allowed by law."  (Id. at 22:25-23:19).  The Court also

15 confirmed with defendant that he understood that the Court could

16 impose a sentence that was higher or lower than what the government

17 recommended and that the Court could impose a sentence higher or

18 lower than what defendant's lawyer recommended.  (Id. at 24:3-12).

19 Specifically, the Court asked the following of defendant:

20           THE COURT: Okay. Has anyone told you what

21           specific sentence you would get in this case if

22           you plead guilty?

23           THE DEFENDANT: No, Your Honor.

24           THE COURT: Has anyone attempted to threaten you

25           in any way, shape, or form in an effort to get

26           you to plead guilty today?

27           THE DEFENDANT: No, Your Honor.

28

1          THE COURT: Are you pleading guilty voluntarily

2          and of your own free will?

3          THE DEFENDANT: Yes, Your Honor.

4 (Id. at 24:13-23).  The following exchange then took place with

5 Attorney Nicolaysen:

6          THE COURT: Okay. Did you and Mr. Brinson agree

7          that it was in his best interests to enter this

8          plea today?

9          MR. NICOLAYSEN: Yes.

10         THE COURT: And have there been any promises,

11         representations, or guarantees made either to you

12         or Mr. Brinson in connection with this plea?

13         MR. NICOLAYSEN: No, Your Honor.

14         THE COURT: Other than a general discussion of the

15         guidelines and other sentencing considerations,

16         have you given any indication to Mr. Brinson of a

17         specific sentence or sentence range that he would

18         get if he pleaded guilty today?

19         MR. NICOLAYSEN: No, Your Honor.

20 (Id. at 25:16-26:3).

21    Defendant also stated that he was satisfied with the work that

22 his lawyer had done on this case and that he believed he had fully

23 considered the defenses that he might have.  (Id. at 26:15-23).  He

24 also confirmed that he had enough time to talk to his attorney and

25 that he believed he was competent to make the decision to plead

26 guilty.  (Id. at 26:24-27:3).

27    At the conclusion of the approximately 45-minute change of plea

28 hearing, the Court found "that the plea's knowingly, voluntarily, and

1  intelligently made, and the plea is further supported by an
2  independent factual basis containing each of the essential elements
3  of all the offenses." (Id. at 32:21-24).

4          2.   Codefendants

5      All codefendants also pleaded guilty.  Similar to defendant,
6  codefendant Harrell pleaded guilty without a plea agreement to all
7  charges in the Second Superseding Indictment.  (CR 296).  Harrell
8  received a life sentence on February 23, 2022, two months prior to
9  defendant's sentencing.  (CR 372).  Defendant was the last of the
10 charged codefendants to be sentenced.  (CR 416).

11         3.   Sentencing

12     Prior to sentencing, Attorney Nicolaysen submitted a 118-page
13 sentencing position paper, which included 48-pages of argument and
14 objections to the presentence report, two psychological evaluations,
15 and a letter from defendant.  (CR 392).  At the over three-hour
16 sentencing hearing on April 22, 2022, Attorney Nicolaysen presented
17 arguments on behalf of defendant, objections to guidelines in the
18 presentence report, and objections to the government's presentation
19 of evidence.  At the conclusion of the hearing, which included time
20 for both the Court and defendant with his counsel to review images
21 and videos presented by the government, as well as three victim
22 impact statements from parents of some of the minor victims of the
23 case, the Court sentenced defendant to life in prison.

24  **B.   APPELLATE PROCEEDINGS**

25     Defendant appealed his sentence to the Ninth Circuit,
26 represented by different counsel than Attorney Nicolaysen.  The only
27 issue presented was "whether, under the totality of the
28 circumstances, Brinson's life sentence is substantively reasonable."

1   (CA 51 at 2).  In an unpublished opinion, the Ninth Circuit affirmed

2   the sentence finding that "[t]his case thus falls within the

3   'overwhelming majority' of cases where a within-Guidelines sentence

4   is reasonable."  (Id. at 4).  Among other reasons, the Ninth Circuit

5   found that "imposing a lesser sentence would have created an

6   unwarranted disparity between Brinson and one of his codefendants,

7   who also received a life sentence."  (Id. at 3).

8       Defendant's appellate filing contained a heading, which stated

9   "When Brinson pled guilty he agreed with the factual basis and

10  understood that additional evidence could be presented at

11  sentencing."  (CA 19 at 6).  His pleading also stated "Brinson

12  affirmed that he conferred with counsel and had reviewed all the

13  discovery.  Counsel said he did not give Brinson any indication of a

14  specific sentence if he pled guilty."  (Id.).

15  **III.  ARGUMENT**

16      In order for relief to be granted under § 2255, a petitioner

17  must establish that "the sentence was imposed in violation of the

18  Constitution or law of the United States, or that the court was

19  without jurisdiction to impose such sentence, or that the sentence

20  was in excess of the maximum authorized by law, or is otherwise

21  subject to collateral attack." 28 U.S.C. § 2255. A § 2255 motion may

22  be resolved without an evidentiary hearing if "the motion and the

23  files and records of the case conclusively show that the prisoner is

24  entitled to no relief." Id.; United States v. Blaylock, 20 F.3d 1458,

25  1465 (9th Cir. 1994) (no evidentiary hearing necessary if, assuming

26  truth of petitioner's allegations, he could not have prevailed on

27  ineffective assistance claim).

28

**A.    STANDARD TO ESTABLISH INEFFECTIVE ASSISTANCE OF COUNSEL**

To establish ineffective assistance of counsel, defendant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington. 466 U.S. 668, 686 (1984). Under Strickland, defendant has the burden to establish: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced his defense. Id. at 687; United States v. Quintero-Barraza, 78 F.3d 1344, 1347 (9th Cir. 1995). In applying this standard, the Court need not follow any particular order. In other words, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697.

To establish the first prong, defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. Id. at 685. Judicial assessment of counsel's performance must be highly deferential because it is "all too tempting for a convicted defendant to second-guess counsel's assistance after conviction or adverse sentence." Id. at 689. Indeed, the Ninth Circuit has continuously warned it will "neither second-guess counsel's decisions, nor apply the fabled twenty-twenty vision of hindsight." Campbell v. Wood, 18 F.3d 662, 673 (9th Cir. 1994).

Defendant faces a strong presumption that his counsel's conduct falls within a wide range of reasonable professional assistance which, under the circumstances, might be considered sound trial strategy. United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991); United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.

9

1  1993). Counsel's strategic choices made after thorough investigation

2  of law and facts relevant to plausible options are virtually

3  unchallengeable. Strickland, 466 U.S. at 690. Effective counsel need

4  not recognize and assert every viable defense and argument. Mickey v.

5  Ayers, 606 F.3d 1223, 1238 (9th Cir. 2010). Counsel does not commit

6  ordinary error or any type of error when counsel does not raise

7  claims that do "not have a reasonable probability of succeeding."

8  Miller v. Keeney, 882 F.2d 1428, 1435 (9th Cir. 1989).

9        The standard of prejudice under Strickland is "rigorous" and

10  "highly demanding" on defendants. Kimmelman v. Morrison, 477 U.S.

11  365, 381-82 (1986). "It is not enough for a defendant to show that

12  errors or omissions had some conceivable effect on the outcome of the

13  proceeding. Virtually every act or omission of counsel would meet

14  that test." Strickland, 466 U.S. at 693; United States v. Birtle, 792

15  F.2d 846, 849 (9th Cir. 1988). Rather, defendant "must show there is

16  some reasonable probability that, but for counsel's unprofessional

17  errors, the result of the proceeding would have been different. A

18  reasonable probability is a probability sufficient to undermine

19  confidence in the outcome." Strickland, 466 U.S. at 694; United

20  States v. McMullen, 98 F.3d 1155, 1157 (9th Cir. 1996).

21      **B.    DEFENDANT'S TRIAL COUNSEL DID NOT PROVIDE CONSTITUTIONALLY
        INEFFECTIVE ASSISTANCE BY ENCOURAGING DEFENDANT TO ENTER A
22      GUILTY PLEA**

23      The test for determining the validity of a guilty plea is

24  "whether the plea represents a voluntary and intelligent choice among

25  the alternative courses of action open to the defendant." Hill v.

26  Lockhart, 474 U.S. 52, 56 (1985) (internal quotation marks and

27  citation omitted). Where a defendant enters a guilty plea "upon the

28

10

advice of counsel," the plea's voluntariness "depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Id. (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). A defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Hill, 474 U.S. at 56-57 (internal quotation marks and citation omitted).

The two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel. Id. at 58. Defendant must demonstrate both constitutionally deficient performance and prejudice. The prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Id. at 59. In other words, defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. (footnote omitted). See also Smith v. Mahoney, 611 F.3d 978, 986 (9th Cir. 2010) (in the context of a guilty plea, a defendant satisfies the Strickland prejudice prong where "there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial") (quoting Hill, 474 U.S. at 59).

Here, defendant admits that the government had a strong case against him. (Motion, CR 485 at 4 ("Given the strength of the government's case against Brinson and his co-defendants . . .")).

11

Besides holding the government to a higher burden, which defendant

admits the government would easily make, he has not (nor could he

have) identified any defenses or other actions that would have

changed the outcome from a conviction on all counts had he proceeded

to trial.  Pre-trial, his counsel diligently argued, but lost, two

motions to suppress, so all evidence, including a confession, would

have been admissible against defendant at a trial, including

significant evidence beyond what was presented at sentencing.  While

defendant alludes to the possibility of a plea agreement by the

government, no such agreement was signed nor did one exist that would

have been more favorable than his open plea where he preserved his

ability to pursue an appeal.  Defendant admits, both in the instant

motion and in his appeal, that the sentencing guidelines were life.

(See, e.g., Motion, CR 485 at 13; CA 19 at 6).  His guidelines

calculation would have been the same had he proceeded to trial,

although post-trial, he would not have received any recognition for

an early acceptance of responsibility, an argument that was prominent

at sentencing, in the psychological evaluations, and in his appeal.

(See, e.g., CA 19 at 10; CR 392 at 37-41).

     Defendant's claims in the instant motion regarding statements

made to him and his reliance on those statements are belied by the

statements in his sworn testimony during the plea hearing, as well as

those by his two different attorneys.  As noted above, the Court

conducted a thorough colloquy during defendant's change of plea

hearing, assessing that defendant understood the charges and the

12

maximum sentences, had all of his questions answered, and understood
that the Court could sentence him up to the maximum allowed by law,
which in this case was life in prison.  (Supra at part II.A.1).  The
Court ensured defendant had not been promised any specific sentence
and that no one had attempted to threaten him to get him to plead
guilty.  (Id.).  The Court also confirmed with Attorney Nicolaysen
that there had not been "any promises, representations, or guarantees
made" to defendant in connection with his plea and that he had not
given him any indication of a specific sentence or sentence range
that he would get if he pleaded guilty.  (Id.).  This was further
reiterated by defendant in his appellate filing where he stated that
"Counsel said he did not give Brinson any indication of a specific
sentence if he pled guilty."  (Supra at part II.B).

A defendant's sworn statements at a plea hearing "carry a strong
presumption of truth."  Muth v. Fondren, 676 F.3d 815, 821 (9th Cir.
2012).  They constitute "a formidable barrier in any subsequent
collateral proceedings."  Blackledge v. Allison, 431 U.S. 63, 74
(1977).  See also United States v. Ross, 511 F.3d 1233, 1236 (9th
Cir. 2008) ("Statements made by a defendant during a guilty plea
hearing carry a strong presumption of veracity in subsequent
proceedings attacking the plea"); United States v. Morrison, 113 F.3d
1020, 1021 (9th Cir. 1997) ("Any attempt to contradict the factual
basis of a valid plea must fail").  "Solemn declarations in open
court carry a strong presumption of verity," and the "subsequent
presentation of conclusory allegations unsupported by specifics" is
"subject to summary dismissal."  Blackledge, 431 U.S. at 74.

Even if defendant's counsel had suggested that defendant's best or only chance to avoid a life sentence was to plead guilty, that advice was not ineffective nor did it invalidate the knowing and voluntary nature of defendant's plea.  See, e.g., United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir. 1990) ("[I]t is well established that an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea."); see also United States v. Carrington, 1997 WL 770388 at *3-*5 (9th Cir. 1997)(same)(collecting cases).

The cases that defendant cite to the contrary are incomplete or inaccurate statements of the law, or otherwise not applicable to the facts of his case.  For example, defendant claims he is "indistinguishable" from the defendant in Moore v. Czerniak, 574 F.3d 1092, 1094 (9th Cir. 2009), but that case not only involved a failure to move to suppress an involuntary confession, but was also overturned by the Supreme Court in Premo v. Moore, 562 U.S. 115 (2011).  (See, Motion, CR 485 at 3-4). Further, even if defendant's attorney's performance was deficient in suggesting that defendant could avoid a life sentence by pleading guilty, there was no prejudice because prior to accepting the guilty plea, the Court confirmed that defendant understood he could receive a life sentence. The Court has repeatedly rejected claims of ineffective assistance based on similar situations.  See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990); Womack v. Del Papa, 497 F.3d 998, 1003 (9th Cir. 2007); Prince v. Busby, 2010 WL 3446920 (C.D. Cal. 2010)

14

1  (no deficient performance and no prejudice when defendant received a

2  life sentence after trial counsel advised defendant to take an open

3  plea to avoid a life sentence).

4      **C.    DEFENDANT'S TRIAL COUNSEL WAS NOT INEFFECTIVE FOR
       ATTEMPTING TO ARGUE FOR A LOWER GUIDELINES CALCULATION**

5

6      The crux of defendant's third ground seems to be that his

7  attorney was ineffective because his sentencing arguments were

8  without merit and the government's use of evidence and guidelines

9  calculation were obviously correct.  Motion at 13-17; 19-20.  In this

10 respect, defendant seems to confuse zealous advocacy for

11 ineffectiveness.  As such, defendant's claim fails the Strickland

12 test because had his counsel simply agreed with the government's

13 calculations and presentation of evidence, the result would have been

14 the same as making objections that were overruled.  Harrington v.

15 Richter, 562 U.S. 86, 104 (2011) (With respect to prejudice,

16 defendant "must demonstrate a reasonable probability that, but for

17 counsel's unprofessional errors, the result of the proceeding would

18 have been different.") (internal quotation marks and citation

19 omitted).

20     Further, the test for ineffectiveness is "not whether another

21 lawyer, with the benefit of hindsight, would have acted differently,"

22 or "what defense counsel could have pursued."  Babbitt v. Calderon,

23 151 F.3d 1170, 1173 (9th Cir. 1998) (internal quotation marks and

24 citation omitted).  See also Turner v. Calderon, 281 F.3d 851, 876

25 (9th Cir. 2002) (the court must make "every effort" to "eliminate the

26 distorting effects of hindsight, to reconstruct the circumstances of

27 counsel's challenged conduct, and to evaluate the conduct from

28 counsel's perspective at the time") (internal quotation marks and

citation omitted).  Judicial scrutiny is "highly deferential," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; Harrington, 562 U.S. at 104.  See also Gulbrandson v. Ryan, 738 F.3d 976, 988 (9th Cir. 2013) (the presumption of reasonableness "means that not only do [courts] give the attorneys the benefit of the doubt," they also "affirmatively entertain the range of possible reasons [defense] counsel may have had for proceeding as they did") (internal quotation marks and citation omitted).  Since there are "countless ways to provide effective assistance in any given case," strategic choices as to how to defend a case are "virtually unchallengeable." Strickland, 466 U.S. at 689-90.  Attorney Nicolaysen's advocacy on behalf of defendant at sentencing clearly met the threshold of competent counsel. Kimmelman v. Morrison, 477 U.S. 365, 381-82 (1986) (The standard that defendant must meet is both "rigorous" and "highly demanding," and requires a showing of "gross incompetence" on counsel's part.) See also Dows v. Wood, 211 F.3d 480, 487 (9th Cir. 2000) ("Under Strickland, counsel's representation must be only objectively reasonable, not flawless or to the highest degree of skill").

To the extent defendant is claiming there were any errors in the consideration of relevant conduct or standard of proof applied, he is wrong.  At sentencing, defendant objected to certain facts and calculations in the PSR.  The Court was "obligated to resolve the factual dispute" pursuant to Criminal Rule of Procedure 32(i)(3)(B); United States v. Ameline, 409 F.3d 1073, 1085-86 (9th Cir. 2005). The government bears the burden of proof for the base offense level and any enhancements by a preponderance of the evidence. Id. at 1086.

16

1   Further, the Court could consider any relevant evidence without

2   concern for its admissibility provided that the evidence had some

3   indicia of reliability.  United States v. Vanderwerfhorst, 576 F.3d

4   929, 936 (9th Cir. 2009)("A sentencing judge may appropriately

5   conduct an inquiry broad in scope, largely unlimited as to the kind

6   of information he may consider, or the source from which it may

7   come.") (internal quotations omitted); United States v. Leekins, 439

8   F.3d 143, 149-150 (3d Cir. 2007)("[T]he facts upon which a judge

9   bases a sentence must have a sufficient indicia of reliability" and

10  "[s]uch indicia may be sufficient even if they do not meet trial

11  standards; the Federal Rules of Evidence do not apply." (internal

12  citations omitted)).  Despite defendant's claim to the contrary,

13  there was no heightened burden of proof required because the evidence

14  presented at sentencing went directly to the factual disputes

15  specific to the guidelines calculations for the offense conduct.

16  (See, generally, Government's sentencing memorandum at CR 421;

17  Defendant's appeal at CA 19 at 6-7).  It was necessary and proper at

18  sentencing for the Court to consider not just the factual basis of

19  the plea, but also the full "nature and circumstances of the offense

20  and the history and characteristics of the defendant."  18 U.S.C. §

21  3553(a) (listing additional factors as well).  "No limitation shall

22  be placed on the information concerning the background, character,

23  and conduct of a person convicted of an offense which a court of the

24  United States may receive and consider for the purpose of imposing an

25  appropriate sentence."  18 U.S.C. § 3661.  The evidence presented by

26  the government went to the facts and circumstances of all of

27  defendant's harmful conduct on Website A and towards Minor Victims 1,

28

17

3, 11, and 12.  There were no errors by the Court or by defendant's attorney with respect to the standard of proof.

Notably, there were no errors claimed in defendant's direct appeal with respect to the calculation of the guidelines, the reliance on relevant conduct, or the burden of proof for facts alleged at sentencing.  (See supra at Part II.B).  Defendant's appeal even asserted that "[w]hen [he] pled guilty he agreed with the factual basis and understood that additional evidence could be presented at sentencing."  (Id.; CA 19 at 6).

In short, defendant's claims of ineffectiveness fail the "high bar" set by Strickland both with respect to deficiency and actual prejudice.  See Harrington, 562 U.S. at 105.

## IV.  NO EVIDENTIARY HEARING IS REQUIRED

Not every § 2255 motion warrants an evidentiary hearing. Where the files and records conclusively show that the prisoner is not entitled to relief, even assuming the truth of defendant's factual allegations, the Court may summarily deny a § 2255 motion without an evidentiary hearing. 28 U.S.C. § 2255; Blaylock, 20 F.3d at 1465; Shah v. United States, 878 F.2d 1156, 1160-61 (9th Cir. 1989)(record before district court was adequate for conclusive determination that defendant's claim was meritless, without need for evidentiary hearing); Farrow v. United States, 580 F.2d 1339, 1360-61 (9th Cir. 1978) ("[A]ppellant's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record. It is well established that in such instances a s[ection] 2255 petitioner is not entitled to an evidentiary hearing.").

The record before this Court, including the statements made under oath at the change of plea hearing, Attorney Nicolaysen's

18

representations at the plea hearing, and defendant's arguments in appellate court, demonstrate that the petition is unsupportable and that no evidentiary hearing is necessary.

**V.    CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's 28 U.S.C. § 2255 Motion and decline to issue a certificate of appealability.